LOUGHLIN v. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. January 21, 1910.)

Appeal from Trial Term, Kings County.

Action by Elizabeth C. Loughlin, as administratrix of Daniel F. Loughlin, against the Edison Electric Illuminating Company, of Brooklyn. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

William A. Jones, Jr., for appellant.
Osward N. Jacoby (Nathaniel A. Elsberg, on the brief), for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

BURR, J. (dissenting). On May 17, 1906, plaintiff's intestate came to his death as the result of an electric shock. He was employed as a lineman by a telephone company, and at the time when he received the shock he was stringing telephone wires upon a pole situated upon Avenue N in the borough of Brooklyn. This pole belonged to defendant. Upon it there was a cross-arm carrying four feed wires belonging to the Edison Company, two upon each side of the pole.

About 3 or 4 feet above the cross-arm upon which defendant's wires were strung there was another cross-arm upon which the telephone company was permitted to string its wires. The distance from the pole to the nearest of defendant's wires on either side of it was 18 inches, giving a clear space between them of 3 feet. Plaintiff introduced evidence to the effect that an examination of one of defendant's feed wires, made shortly after the occurrence of the accident, showed that at the point where this wire was fastened to the glass insulator by a wire known as a "tie wire" the insulation had become crushed, and the end of this tie wire was exposed, and plaintiff contends that the iron spur which decedent wore came in contact with this exposed end while his hand was on the telephone wire, and, the circuit being thereby completed, he received the fatal shock.

Upon the question of defendant's negligence the case is a close one, for there is no evidence as to the length of time within which this defective insulation existed, and there is strong ground for believing that the decedent slipped upon the pole, and that as a result thereof the insulation was scraped off by his iron spur coming in contact with the wire. However that may be, plaintiff wholly failed to establish decedent's freedom from contributory negligence. He was an experienced lineman. He had "done a lot of work on poles carrying Edison wires." He knew that they were dangerous. He had been repeatedly warned to be careful about them. On the very day of the accident he had been told by his foreman to "keep his feet out from between those wires, because they were hot stuff and dangerous." The attention of one of decedent's fellow workmen was attracted by an outcry. He testifies:

"When I looked up, I seen Loughlin standing on the cross-arm. The right foot was on the Edison electric light cross-arm, and the left foot was in the brace from the telephone cross-arm. He had on his feet a pair of spurs, what they call 'climbers.'"

Before assistance could reach him he had fallen backward, and by the time they could lower his body to the ground he was dead. Not only was there no necessity for him to stand upon the cross-arm of defendant company to do his work, but he had been told not to do it. The evidence is uncontradicted that the proper, simple, and feasible way to string the telephone wires was to go up the pole, passing between the electric light wires to the cross-arm above, used by the telephone company, then to place the left leg in the brace supporting the telephone cross-arm, stick the spur on the right leg into the hole, and lie across the telephone company's cross-arm. In that position a workman could not come into contact with the wires of defendant company. One of the witnesses for plaintiff, and a fellow workman of the decedent, thus testifies:

"Q. It is a very simple and easy matter to string these wires for any one who knows how to do it, is it not? A. Yes. Q. On this Edison pole, Loughlin could have gone up to the telephone cross-arm, and lain across the cross-arm, without coming in contact with the Edison wires, could he not? A. Yes. Q. And put his left leg into the brace, and the right leg back into the pole, sticking the spur into the pole, without coming in contact with the Edison wires, could he not? A. Take the easiest way up and the easiest way down in climb-

ing a pole. Q. Do the thing that appears easiest, without regard to the question of danger, is that right? A. Yes, sir."

It is unfortunate that Loughlin took the dangerous way, because for the time being it seemed the easier way; but the consequences of his deliberate and reckless conduct should not be visited upon the defendant.

I think that the judgment and order appealed from should be reversed.

THOMAS, J., concurs.